IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SAMUEL DICKERSON,<br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>  Defendant. | Case No. 3:25-cv-03238-JEH |

### Order

Plaintiff, proceeding *pro se* and currently detained at the Sangamon County Jail ("Jail"), pursues an action against the United States of America under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1). Now before the Court is Plaintiff's Petition to Proceed *in forma pauperis* ("IFP Petition"). (Doc. 3). For the reasons stated below, Plaintiff's IFP Petition is DENIED.

Prior to conducting a merit review of the Complaint under 28 U.S.C. § 1915A, the Court must determine if Plaintiff made the requisite showing that he is under imminent danger of serious physical injury because he has accumulated at least three strikes under § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The Court must make its own determination regarding whether previous dismissals count as "strikes." *Hill v. Madison Cnty., Ill.*, 983 F.3d 904, 906 (7th Cir. 2020).

The Court's review of Plaintiff's litigation history discloses three potential strikes: *Dickerson v. Schuler, et al.*, No. 3:14-cv-00742-NJR, ECF No. 12 (S.D. Ill., filed on July 21, 2014) (dismissing lawsuit for failure to state a claim upon which relief may be granted); *Dickerson v. Sangamon Cnty. State Att'y, et al.*, No. 3:23-cv-03150-SLD, ECF No. 22 (C.D. Ill., filed July 31, 2023) (dismissing lawsuit for failure to state a claim upon which relief may be granted); and *Dickerson v. Campbell, et al.*, No. 3:23-cv-03203-JES, ECF No. 11 (C.D. Ill., filed Oct. 30, 2023) (dismissing case for failure to state a claim upon which relief may be granted). The Court finds that each of these dismissals counts as a strike pursuant to § 1915(g). Plaintiff can proceed *in forma pauperis* only if his Complaint sufficiently alleges that he is under imminent danger of serious physical injury.

The imminent danger inquiry is two-pronged. The first prong is construed narrowly to include genuine emergencies where "time is pressing" and a "threat ...is real and proximate." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Furthermore, the harm must be occurring "at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice. *Heimermann*, 337 F.3d at 782. The second prong, danger, must be of "serious physical injury." § 1915(g); *Fletcher v. Deathridge*, No. 07-1231, 2008 WL 4724173, at *2 (C.D. Ill. Oct. 23, 2008).

In his Complaint, Plaintiff alleges that he is a "world citizen in danger." (Doc. 1 at p. 4). On an unspecified date, Plaintiff alleges he "was kidnapped by a white man and now [he is] in imminent danger of losing [his] life by starvation [and his] health is rapidly fading away no strawman." *Id.* He further claims that

2

he is "illegally being held and tortured by a[n] unknown ficticous [sic] legal entitey [sic] that is funded by the American government." *Id.* When asked to describe the facts underlying his claim, Plaintiff stated:

> Deprived of liberty, life, tortured by cruel, inhuman, degrading treatment denial of recognition before the law, discrimination, state created danger, no remedy at law by a competent tribunal, fundamental rights violated, arbitrary arrest denied fair public hearing, denied freedom of movement, denied right to leave America to seek asylum from persecution, political hostage, no crimes committed, failure to protect from harm by USA

*Id.* at p. 5. Plaintiff requests "removal to hospital for treatment for irreparable mental and physical health injuries directly related to the U.S. Government failure to protect." *Id.* He also requests money for relocation to Belize, a vehicle, house, clothes, "lifelong funding" from the United States for living expenses, and "compensation for torture." *Id.*

Plaintiff provided no details or context regarding his alleged constitutional violations. His allegations are frivolous, bizarre, and irrational. *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) ("A claim is factually frivolous if its allegations are bizarre, irrational or incredible."). Plaintiff has not sufficiently alleged that he is under imminent danger of serious physical injury. Plaintiff presented no caselaw to show that he is exempt from paying the filing fee based on his alleged status as an "immigration detainee" or a "diplomatic world citizen." (Doc. 1 at p. 4). Therefore, Plaintiff's IFP Petition is DENIED. Plaintiff will have 21 days in which to pay the $405 filing fee in full, or this case will be dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Petition to Proceed *in forma pauperis* [3] is DENIED. Plaintiff is ORDERED to pay the $405 filing fee in full within 21 days of this Order.**

**If Plaintiff fails to pay the filing fee within 21 days, this case will be dismissed without prejudice.**

*It is so ordered.*

Entered: August 20, 2025

s/Jonathan E. Hawley
U.S. District Judge